FILED
CLERK
4:11 pm, Mar 11, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FURNIE ODEN,

       Plaintiff,   **MEMORANDUM & ORDER**
            18-CV-0334 (SJF) (SIL)

  v.

BOSTON SCIENTIFIC CORPORATION,

       Defendant.
----------------------------------------------------------X
FEUERSTEIN, District Judge:

  By Memorandum and Order dated June 4, 2018 (the "M&O"), this Court granted Defendant Boston Scientific Corporation's motion to dismiss in its entirety and denied leave to amend. *See* Docket Entry ("DE") [16], 330 F. Supp. 3d 877 (E.D.N.Y. 2018). Currently before the Court is a motion submitted by Plaintiff Furnie Oden ("Plaintiff") seeking reconsideration of the M&O to the extent that leave to file an amended complaint was denied, and requesting that the case be re-opened. Motion, DE [19]. Defendant has opposed the motion. For the reasons set forth below, the motion for reconsideration is granted, and upon reconsideration, the Court adheres to the prior decision.

## I. BACKGROUND

  Familiarity of the facts of this case is assumed. In brief, Plaintiff commenced this action against Defendant asserting claims of, *inter alia*, negligence, strict liability, breach of express and implied warranties, and fraudulent misrepresentation arising from the surgical implantation of an inferior vena cava filter, the Greenfield Filter system, which was designed and manufactured by Defendant.

  In his opposition to the motion to dismiss, Plaintiff included a perfunctory request for leave to amend in the event the Court granted the motion to dismiss. *See* DE [10]. Plaintiff's request consisted of one (1) paragraph of argument stating that leave should be freely given

pursuant to Rule 15 and citing a New York state court case in support. In the M&O, this Court acknowledged the standard under Rule 15 of the Federal Rules of Civil Procedure, but as an exercise of its discretion, denied the request to amend as "Plaintiff has failed to provide the Court with any indication as to how leave to amend would cure the deficiencies in the Complaint." M&O at 36, 330 F. Supp. 3d at 903. An independent basis for denial of leave to amend was Plaintiff's failure to provide a proposed amended pleading. *Id.;* 330 F. Supp. 3d at 904 n.4.

## II. LEGAL STANDARDS

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court. *See Hunt v. Enzo Biochem., Inc.,* No. 06 Civ. 170, 2007 WL 1346652, at *1 (S.D.N.Y. May 7, 2007). A motion for reconsideration shall set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civil Rule 6.3. "The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted); *accord Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Grounds for reconsideration exist only when the movant "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation and citation omitted).

## II. DISCUSSION

Plaintiff argues that the denial of his request to amend violates the Supreme Court's mandate that leave "shall be freely given when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962). Claiming manifest injustice, he contends that

the cases cited by the Court supporting dismissal without leave to amend are distinguishable because in those cases, the plaintiff had already amended the complaint at least once. The fact that a pleading had been previously amended was not, however, the determining factor the Second Circuit used in upholding the district court's discretionary denial of leave to amend. Plaintiff has not cited to a single case suggesting that there is a blanket rule that a party must be given an opportunity to amend in every case regardless of that party's inability or unwillingness to enunciate the basis for amendment.

The reasoning for this Court's denial of leave to amend as set forth in the M&O was straightforward – Plaintiff's failure to articulate in any manner how an amended complaint would cure the pleading deficiencies. Despite the clearly stated grounds for the Court's ruling, Plaintiff in his motion for reconsideration again provides no specific ways in which he would amend the complaint if permitted to do so. In his memorandum of law in support of the motion, Plaintiff refers to his future motion to amend that will "indicate to this Court which specific allegations will cure the deficiencies outlined in this Court's order." Pl. Mem. of Law at 6, DE [19-1]. Rather than offer any of those specific factual allegations, he hints only that they would be "supported by medical studies, imaging results, Defendant's product history documents, and other additional facts pertaining to the Plaintiff's use and injuries result[ing] from the device." *Id.*

In its opposition to this motion, Defendant makes the point that Plaintiff has still not explained how he would amend his complaint. Def. Mem. of Law at 4-5, DE [22]. Given yet another opportunity in his reply papers to provide the Court with specific information regarding his proposed amendment, Plaintiff again fails completely. Instead, he cherry picks some of the

M&O's rulings and in the following conclusory, speculative statements, suggests that he *might* be able to cure them:

> It is undoubtedly *possible* that Plaintiff in this matter *could* allege additional facts that would cure these deficiencies: Plaintiff's allegations *could* include an 'actual injury' caused by the Greenfield Filter; Plaintiff *could* include additional allegations supporting Plaintiff's claim that his treating physician was not adequately informed or apprised of the potential risks associated with the Greenfield Filter; and Plaintiff *could* include additional allegations supporting his claim that the warnings provided were inadequate, which a finder of fact could find to be true.

Pl. Reply Mem. at 5, DE [23] (emphasis supplied). Such conjectural statements are wholly inadequate and do not support a request for leave to amend.

Finally, Plaintiff's claim that he has had no opportunity to amend is belied by his failure to utilize his opportunity to amend as of right. Pursuant to Rule 15, a plaintiff may amend once as of right under certain circumstances including within 21 days after service of a motion under Rule 12(b). FED. R. CIV. P. 15 (a)(1)(B). The Advisory Committee Notes regarding the 2009 amendment to the rule that allowed amendment as of right after a motion to dismiss is served indicate that "[t]his provision will force the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion." In other words, the rule as amended gives a plaintiff the benefit of his adversary's evaluation of the complaint and the option to use that critique to re-formulate or hone his pleading. Plaintiff clearly could have taken advantage of this opportunity, but elected not to do so.

Plaintiff has had four (4) opportunities to amplify his factual allegations and attempt to cure the complaint's deficiencies. Initially, he could have amended the complaint as of right upon receipt of Defendant's motion to dismiss, or he could have adequately supported his request for leave to amend in the three (3) memoranda of law submitted to the Court on the issue.

## III. CONCLUSION

For all the foregoing reasons, Plaintiff's motion for reconsideration, DE [19], is granted, and upon reconsideration, the Court adheres to its prior decision.

**SO ORDERED**.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: March 11, 2019
Central Islip, New York